UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARET ANN PAREDES WORRELL,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JP MORGAN CHASE BANK, CHASE SUCCESSOR BY MERGER WITH WASHINGTON MUTUAL BANK, N.A.,<br><br>　　　　　Defendant. | Case No.: C 12-04331 PSG<br><br>**ORDER REASSIGNING CASE TO A U.S. DISTRICT JUDGE; REPORT AND RECOMMENDATION**<br><br>**(Re: Docket Nos. 2)** |

Plaintiff Margaret Ann Paredes Worrell ("Worrell") proceeding *pro se* applies to proceed in forma pauperis. Having reviewed the papers,

IT IS HEREBY ORDERED that the case be reassigned to a District Judge with the recommendation that the IFP be denied.[1]

---

[1] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. §636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. §636(b)(1)(A). *See Nasca v. Peoplesoft,* 160 F.3d 578, 580 n. 3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. §636(b)."). It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter. *See, e.g., In re U.S. Healthcare,* 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. §636(b)(1)(A)). Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

1

Case No.: C 12-04331 PSG
ORDER

1    IT IS FURTHER RECOMMENDED that the complaint be dismissed for failure to state a claim and the unlawful detainer action be remanded to state court based on lack of subject matter or diversity jurisdiction.

Granting or refusing permission to proceed in forma pauperis is a matter within the sound discretion of the trial court.[2] It is the court's duty to examine any IFP application "to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."[3] Moreover, a federal court must dismiss a case such as this if the court determines that the case is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[4]

Here, Worrell filed a complaint and removed Plaintiff JP Morgan Chase Bank N.A.'s ("JP Morgan") unlawful detainer action to federal court. Both were filed under the same case number. In the complaint, Worrell alleges that she has been deprived access to case files and transcripts in state court. She appears to suggest that the case files at issue are related to the unlawful detainer action. Upon review of the sparse allegations supporting this claim, it appears that the complaint is frivolous and should be dismissed. Worrell also removed the unlawful detainer action to federal court but it should be remanded because this court has neither subject matter nor diversity jurisdiction over Worrell's claims. It is well-settled that federal courts do not have federal question jurisdiction over unlawful detainer actions, where federal law does not create the cause of action and Worrell's right to relief does not depend on a resolution of a question of federal law.[5] The court further finds no diversity jurisdiction based on JP Morgan's unlawful detainer action, which

---

[2] *See Shobe v. People of State of California,* 362 F.2d 545, 545 (9th Cir. 1966).

[3] *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965).

[4] *See* 28 U.S.C. §1915(e)(2).

[5] *See, e.g., Eden Housing Mgmt., Inc. v. Muhammad,* No. C 07-4325 SBA, 2007 U.S. Dist. LEXIS 90294, 2007 WL 4219397, at *2-3 (no federal question on the face of unlawful detainer complaint); *Oritz,* 2008 U.S. Dist. LEXIS 86925, 2008 WL 4771932, at *1.

2

Case No.: C 12-04331 PSG
ORDER

1  was filed in the superior court as a case of "limited civil jurisdiction" amounting to less than
2  $10,000 in controversy.
3      In sum, the undersigned finds that there is no basis for jurisdiction over Worrell's complaint
4  and JP Morgan's unlawful detainer action in this court and therefore no basis on which to grant
5  Worrell's IFP application.
6  **IT IS SO ORDERED.**
7  Dated:    11/15/2012

                              PAUL S. GREWAL
                              United States Magistrate Judge

Case No.: C 12-04331 PSG
ORDER